STATE OF WEST VIRGINIA

At a Regular Term of the Supreme Court of Appeals, continued and held at Charleston, Kanawha County, on May 1, 2023, the following order was made and entered:

Mason Louis Cottrell,
Petitioner

vs.) No. 20-0761

Louis Cottrell, Jr.,
Chesapeake Appalachia, LLC,
SWN Production Company, LLC,
Jamestown Resources, LLC,
Appalachia Midstream Services, LLC, and
Statoil USA Onshore Properties, Inc., n/k/a
Equinor USA Onshore Properties, Inc.,
Respondents.

# DISMISSAL ORDER

On November 4, 2022, the petitioner, Mason Louis Cottrell, by counsel Anthony I. Werner, Joseph J. John, and Anthony I. Werner, Jr., John & Werner Law Offices, PLLC, perfected his appeal from an order of the Circuit Court of Ohio County (No. 19-C-159) entered on September 1, 2020, with the filing of petitioner's brief and appendix.

The respondents, SWN Production Company, LLC and Statoil USA Onshore Properties, Inc. n/k/a Equinor USA Onshore Properties, Inc., by counsel, Ramonda C. Marling and Richard L. Gottlieb, Lewis Glasser PLLC; and Appalachia Midstream Services, L.L.C., by counsel Michael G. Connelly and Stephen W. Kiefer, Troutman Pepper Hamilton Sanders LLP,[1]

---

[1] We note that respondents Chesapeake Appalachia, LLC, and Jamestown Resources, LLC did not file briefs in this matter. By letter dated February 17, 2022, respondent Chesapeake Appalachia, LLC, by counsel Nicolle R. Snyder Bagnell, Reed Smith LLP, informed the Court that it joined in the brief filed by respondent Appalachia Midstream Services, L.L.C., and further represented to the Court that it "holds no interest in the contracts at issue in the case and the claims at issue have been discharged in bankruptcy." By a separate letter also dated February 17, 2022, respondent Jamestown Resources, LLC., also by counsel Nicolle R. Snyder Bagnell, Reed Smith LLP, informed the Court that it joined the briefs of respondents Appalachia Midstream

filed separate respondent's briefs on February 17, 2022, and February 18, 2022, respectively.

Petitioner filed a reply brief on March 11, 2022.

By order entered August 29, 2022, the Court directed counsel for the parties, Mason Louis Cottrell, SWN Production Company, LLC, Statoil USA Onshore Properties, Inc., and Appalachian Midstream Services, LLC, to file simultaneous supplemental briefs on or before September 23, 2022, "addressing whether the circuit court order on appeal is enforceable or void because of the bankruptcy issues pending at the time of the entry of the circuit court order."

Petitioner Mason Louis Cottrell filed a supplemental brief on the bankruptcy issue on September 21, 2022; respondents SWN Production Company, LLC, Statoil USA Onshore Properties, Inc., and Appalachian Midstream Services, LLC, filed a joint brief on the bankruptcy issue on September 23, 2022.[2]

On April 19, 2023, the Court heard oral argument under Rule 19 of the West Virginia Rules of Appellate Procedure.

Upon review of the parties' briefs and oral arguments, the appendix record, and the relevant authorities, the Court has determined that on June 30, 2020, counsel for Chesapeake Appalachia, LLC, filed a "Notice of Suggestion of Pendency of Bankruptcy for Chesapeake Energy Corp, et al., and Automatic Stay of These Proceedings" in the Circuit Court of Ohio County. This document stated that Chesapeake Appalachia, LLC, had filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District of Texas and that the filing of the voluntary bankruptcy petitions gave

> rise to a stay, applicable to all entities, of, among other things: . . .
> (a) the commencement *or continuation of any judicial*,
> administrative, *or other action or proceeding against the Debtors* (i)
> *that was* or could have been *commenced before the commencement of*
> *the Chapter 11 Cases* or (ii) to recover a claim against the Debtors
> that arose before the commencement of the Chapter 11 Cases; (b)
> the enforcement, against any of the Debtors or against any property

---

Services, LLC, SWN Production Company, LLC, and Statoil USA Onshore Properties, Inc., n/k/a Equinor USA Onshore Properties, Inc.

[2] Respondent Chesapeake Appalachia, LLC, also filed with the Court a "supplemental filing" indicating that it took no position on the bankruptcy issue and that the claims at issue had been discharged in bankruptcy.

of each of the Debtors' bankruptcy estates, of a judgment obtained prior to the commencement of the Chapter 11 Cases; and (c) any act to obtain possession of property of or from any of the Debtors' bankruptcy estates, or to exercise control over property of any of the Debtors' bankruptcy estates. *No order has been entered in the Chapter 11 Cases granting relief from the automatic stay with respect to the above-captioned case.*

(Emphasis added). Notwithstanding this automatic stay, on September 1, 2020, the circuit court entered the order currently on appeal, which was unquestionably entered during the period of the automatic bankruptcy stay as the stay was not lifted by the bankruptcy court until February 9, 2021, after the bankruptcy court confirmed the Chapter 11 Plan of Reorganization for Chesapeake Appalachia, LLC. The circuit court's September 1, 2020, order only indicates that "Chesapeake Appalachia, LLC has filed for Chapter 11 bankruptcy protection." The order provides that "[t]he corporate defendants [which includes Chesapeake Appalachia, LLC] are referred to herein collectively as 'Defendants.'" That order expressly grants "Defendants' Motions to Compel Arbitration."

The circuit court's order neither mentions the automatic bankruptcy stay nor provides whether that automatic stay applies only to Chesapeake Appalachia, LLC, or extends to the other named defendants as well.

This Court firmly established in syllabus point three of *Rebuild Am., Inc. v. Davis*, 235 W. Va. 245, 773 S.E.2d 11 (2015), that "[a]cts taken in violation of the automatic stay provisions of 11 U.S.C. § 362 (2010) are void *ab initio*."

Upon consideration and review, the Court has determined that the circuit court's entry of the order now before us was an act done in violation of the automatic bankruptcy stay and is therefore void ab initio.

It is therefore ORDERED that the September 1, 2020, order of the circuit court is vacated and the case is remanded to the circuit court for further proceedings. This action is dismissed without prejudice from the docket of this Court.

A True Copy

Attest: /s/ Edythe Nash Gaiser
Clerk of Court

3